Jaion Chung, Esq. (SBN 249772)
Sydney Grant, Esq. (SBN 362836)
KAHANA & FELD LLP
550 South Hope Street, Suite 1600
Los Angeles, CA 90071
Tel:   (213) 235-9912
Fax:   (949) 245-7597
jchung@kahanafeld.com
sgrant@kahanafeld.com

Attorneys for Defendants,
UNIVERSAL CITY STUDIOS LLC (erroneously sued and served as "UNIVERSAL CITY STUDIOS, LLC")

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| JOSEPH WALLACE,<br><br>           Plaintiff,<br><br>   vs.<br><br>UNIVERSAL CITY STUDIOS, LLC; AND DOES 1 THROUGH 50 INCLUSIVE,<br><br>           Defendants. | Case No:<br>[Assigned to _____]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**<br><br>(Removed from Los Angeles County Superior Court Case No. 25NNCV05024)<br><br>(Diversity Jurisdiction; 28 U.S.C. §§ 1332, 1441, and 1446)<br><br>[Declarations of Andrew Eitingon and Jaion Chung; Certificate of Interested Parties; and Civil Cover Sheet filed concurrently herewith]<br><br>Complaint Filed: July 18, 2025<br>Trial Date:       None Set |

**TO THE COURT, ALL INTERESTED PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

1

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**

**PLEASE TAKE NOTICE** that Defendant, UNIVERSAL CITY STUDIOS LLC (erroneously sued and served as "UNIVERSAL CITY STUDIOS, LLC") ("Universal City Studios"), hereby removes the action entitled, *Joseph Wallace v. Universal City Studios, LLC, et al.* from the Superior Court of the state of California for the County of Los Angeles (Case No. 25NNCV05024) to the United States District Court for the Central District of California, Western Division. Removal of this action is proper under 28 U.S.C. §§1332, 1441(b), and 1446 for the reasons set forth below.

## JURISDICTION

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court by the Universal Defendants pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

2. On July 18, 2025, Plaintiff, JOSEPH WALLACE ("Plaintiff"), filed the above-entitled civil action against Defendants, Universal City Studios, LLC, and DOES 1 through 50, in the Superior Court of the state of California for the County of Los Angeles, Case No. 25NNCV05024 (the "State Court Action"). The United States District Court for the Central District of California, Western Division, embraces the county where this action is pending.

3. On July 23, 2025, Plaintiff served Universal City Studios with the Summons, Complaint, Statement of Damages, Notice of Case Assignment, and other related case management forms and documents (collectively "initial pleading packet"). Copy of the initial pleading packet served on Universal City Studios is attached to the Declaration of Jaion Chung filed concurrently herewith ("Chung Decl.") as **Exhibit "A"** and the Service of Process Transmittal Summary evidencing service of the initial pleading packet is attached as **Exhibit "B."**

4. On August 22, 2025, Universal City Studios filed and served an Answer to the Complaint. Chung Decl., ¶ 6. A true and correct copy of the Answer is attached

2
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)

to the Declaration of Jaion Chung as **Exhibit "C."**

5. Plaintiff's initial pleading packet and Universal City Studios' Answer, constitute all process, pleadings, and orders served in the action pending in the Superior Court of the state of California, County of Los Angeles.

## REMOVAL IS TIMELY

6. This Notice of Removal is filed timely as it is within thirty days of Universal City Studios' receipt of the Summons, Complaint, and Statement of Damages disclosing to Universal City Studios the amount in controversy alleged by Plaintiff. Universal City Studios therefore possesses the requisite knowledge and documentation to ascertain the proper grounds for diversity jurisdiction removal. 28 U.S.C. §§ 1446(b)(3).

## DIVERSITY OF CITIZENSHIP

7. The state action is a civil action over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a), for the following reasons:

8. <u>Plaintiff's Citizenship</u>. In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination" ); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, inter alia, plaintiff "lived and worked in California for approximately fifteen years" ); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F.Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

/ / /

9. Here, Universal City Studios is informed and believes and alleges thereon that Plaintiff resides in Shelbyville, Tennessee. Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of Tennessee.

10. <u>Defendant's Citizenship</u>. A limited partnership is a citizen of every state of which its partners are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) Similarly, a limited liability company ("LLC") is a citizen of every state of which its members are citizens. *See, e.g.*, *id.* ("We . . . join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). For diversity analysis, it is not relevant where an LLC is incorporated or where it has its principal place of business. *See, e.g., Alatorre v. Wastequip Mfg. Co., LLC*, 2012 WL 6628955, at *4 (E.D. Cal. December 19, 2012) ("LLC's citizenship is . . . determined not by reference to its principal place of business and state of incorporation … but by citizenship of its owners and members.").

11. For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

   a. Universal City Studios was, at the time of filing of this action, and is now, a limited liability company organized under the laws of the state of Delaware. *See* Declaration of Andrew Eitingon filed concurrently herewith ("Eitingon Decl."), ¶ 5.

   b. The sole member of Universal City Studios is VUE NewCo LLC, a limited liability company organized under the laws of the state of Delaware. Eitingon Decl., ¶ 6.

   c. VUE NewCo LLC consists of two members: (1) USI Entertainment LLC and (2) Universal Studios Company LLC. Eitingon Decl., ¶ 7. Both entities are limited liability companies organized under the laws of the state of Delaware. *Id*.

| | | |
|---|---|---|
| 1 | d. | The sole member of USI Entertainment LLC is Universal Studios |

Company LLC. Eitingon Decl., ¶ 8.

    e. The sole member of Universal Studios Company LLC is NBCU Acquisition Sub LLC, a limited liability company organized under the laws of the state of Delaware. Eitingon Decl., ¶ 9.

    f. The sole member of NBCU Acquisition Sub LLC is NBCUniversal Media, LLC, a limited liability company organized under the laws of the state of Delaware. Eitingon Decl., ¶ 10.

    g. The sole member of NBCUniversal Media, LLC is NBCUniversal, LLC, a limited liability company organized under the laws of the state of Delaware. Eitingon Decl., ¶ 11.

    h. The members of NBCUniversal, LLC are (i) Comcast Navy Acquisition, LLC, a limited liability company organized under the laws of the state of Delaware; (ii) Comcast Navy Contribution, LLC, a limited liability company organized under the laws of the state of Delaware; (iii) NBCUniversal Enterprise, Inc., a corporation organized under the laws of the state of Delaware with its principal place of business in Philadelphia, Pennsylvania; (iv) Comcast CCW Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (v) Comcast Snap Holdings II, LLC, a limited liability company organized under the laws of the state of Delaware; and (vi) Comcast CHC, LLC, a limited liability company organized under the laws of the state of Delaware. Eitingon Decl., ¶ 12.

    i. Comcast Corporation is the operating entity for NBCUniversal Enterprise, Inc., and all of its operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at Comcast Corporation's corporate headquarters in Philadelphia, Pennsylvania. Eitingon Decl., ¶¶ 13-14.

    j. Comcast Corporation is a corporation organized under the laws of the state of Pennsylvania. Its principal place of business, and the location from which

the highest-level officers direct, control, and coordinate the corporation's activities, is located at its corporate headquarters in Philadelphia, Pennsylvania. All high-level corporate officers for Comcast Corporation have their offices located in Philadelphia, Pennsylvania, including the following: Chairman, President & Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, Chief Information Officer, Chief Marketing Officer, Senior Executive Vice President, and the Executive Vice President & General Counsel. The majority of Comcast Corporation's corporate decisions are made in Philadelphia, Pennsylvania, including its operational, executive, administrative, and policy making decisions. The Officers listed above are responsible for the direction, control, and coordination of the activities covered by their respective offices. Comcast Corporation conducts the majority of its administrative functions such as payroll, legal, tax, benefits, and accounting at its corporate headquarters in Philadelphia, Pennsylvania. Moreover, the majority of the administrative functions crucial to Comcast Corporation's day-to-day operations are conducted in Philadelphia, Pennsylvania. Eitingon Decl., ¶14.

k. The members of Comcast CCW Holdings, LLC and Comcast Snap Holdings II, LLC are (i) Comcast Navy Acquisition, LLC and (ii) Comcast CHC, LLC. Eitingon Decl., ¶ 15.

l. The sole member of Comcast Navy Acquisition, LLC is Comcast Corporation. Eitingon Decl., ¶ 16.

m. The members of Comcast Navy Contribution, LLC are (i) Comcast SportsNet New England Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (ii) Comcast SportsNet Philadelphia Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (iii) Versus Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (iv) Comcast CHC, LLC; (v) Comcast Contribution Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; and (vi) E! Holdings, LLC, a limited liability

company organized under the laws of the state of Delaware. Eitingon Decl., ¶ 17.

n. The members of Comcast SportsNet New England Holdings, LLC are (i) Comcast SportsNet NE Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; and (ii) CSNNE Partner, LLC, a limited liability company organized under the laws of the state of Delaware. Eitingon Decl., ¶ 18.

o. The members of Comcast SportsNet Philadelphia Holdings, LLC are (i) Comcast Holdings Corporation, a corporation organized under the laws of the state of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania; and (ii) Comcast Spectacor Holding Company, LLC, a limited liability company organized under the laws of the state of Delaware. Eitingon Decl., ¶ 19.

p. The sole member of Comcast Spectacor Holding Company, LLC is Comcast Holdings Corporation. Eitingon Decl., ¶ 20.

q. Comcast Corporation is the operating entity for Comcast Holdings Corporation, and all of its operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at its corporate headquarters in Philadelphia, Pennsylvania. Eitingon Decl., ¶ 21; see also *id.* ¶ 14.

r. The members of Versus Holdings, LLC are (i) Comcast Holdings Corporation; and (ii) E! Holdings, LLC. Eitingon Decl., ¶ 22.

s. The sole member of Comcast CHC, LLC is Comcast Holdings Corporation. Eitingon Decl., ¶ 23.

t. The sole member of Comcast Contribution Holdings, LLC is Comcast Corporation. Eitingon Decl., ¶ 24.

u. The sole member of E! Holdings, LLC is Comcast Holdings Corporation. Eitingon Decl., ¶ 25.

v. The sole member of Comcast SportsNet NE Holdings, LLC is Comcast Holdings Corporation. Eitingon Decl., ¶ 26.

/ / /

  w. The sole member of CSNNE Partner, LLC is Comcast Holdings Corporation. Eitingon Decl., ¶ 27.

  x. Accordingly, for purposes of determining diversity, Universal City Studios – whose members are organized under the laws of Delaware or Pennsylvania – is regarded as a citizen of Delaware and Pennsylvania.

12. "Universal Studios Hollywood" is not a separate legal entity but rather, the registered fictitious business name for Defendant. Eitingon Decl., ¶ 29.

13. "NBC Universal Theme Parks" is not a standalone legal entity. Eitingon Decl., ¶ 30.

14. Defendants Does 1 through 50 are fictitious. The Complaint does not set forth the identity or status of fictitious defendants 1 through 50. Thus, pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

15. Universal City Studios is informed and believes and thereon allege that no other "Doe" defendants have been served with a Summons and/or the Complaint in the State Court Action. *See* Chung Decl., ¶ 8. Accordingly, this action may be removed by Universal City Studios to federal court pursuant to 28 U.S.C. § 1441.

16. Therefore, Plaintiff and Universal City Studios are citizens of different States.

## AMOUNT IN CONTROVERSY

17. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002). The Court must consider all recoverable damages, including liquidated damages, punitive damages, and attorneys' fees authorized by statute. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980

1 (9th Cir. 2005).

2  18. Universal City Studios' notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The standard for determining whether a defendant meets its burden of establishing the amount in controversy is by a preponderance of the evidence. *See Cagle v. C&S Wholesale Grocers, Inc.,* 2014 WL 651923, at *5 (E.D. Cal. Feb. 19, 2014). Under this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp.2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.2d 1199, 1204-05 (E.D. Cal. 2008)). When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met. *Id.* (internal citations omitted).

 19. Here, the Court can reasonably ascertain from Plaintiff's Complaint, her Prayer for Relief in the Complaint, and her Statement of Damages that the amount in controversy exceeds $75,000.00. Plaintiff seeks, among other things, wage loss, loss of earning capacity, loss of use of property, property damage, hospital and medical expenses, general damages, loss of profits, prejudgment interest, and interest on damages. *See* Chung Decl., **Ex. A** (complaint & Plaintiff's Statement of Damages). Without admitting the validity of Plaintiff's two (2) causes of action (which is expressly denied by Universal City Studios), the amount in controversy is in excess of $75,000.00, exclusive of interest and costs. Universal City Studios meets its burden based on the following:

 20. <u>Special Damages:</u> The Complaint alleges Plaintiff is seeking special damages including hospital and medical expenses according to proof. *See* Chung Decl., **Ex. A** [Compl., ¶ 12]. According to his Statement of Damages, he is seeking at

1 | least $11,239.14 in past medical expenses and amounts unknown in future medical expenses, loss of earnings, and loss of future earning capacity. *See id.* [Statement of Damages].

21. <u>General Damages:</u> The Complaint alleges Plaintiff is seeking general damages "according to proof." *See* Chung Decl., **Ex. A** [Compl., Prayer for Relief in Complaint]. According to his Statement of Damages, she is seeking in excess of $2,000,000.00 in general damages. *See id.* [Statement of Damages].

22. Universal City Studios denies that Plaintiff's claims have any merit. Universal City Studios also denies that Plaintiff suffered any damages. However, when the relief sought (i.e., past medical expenses, future medical expenses, loss of earnings, future loss of earning capacity, general, property, and other) is taken as a whole, the amount in controversy for Plaintiff's claims exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs.

23. Based upon the foregoing, the amount in controversy in this matter far exceeds the jurisdictional minimum of $75,000.00. Accordingly, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by the Universal Defendants pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

## **VENUE**

24. Removal to this Court is proper because this District includes the County where the state action is pending.

25. By filing this Notice of Removal, the Universal City Studios does not intend to waive, and hereby reserves, any objection as to personal jurisdiction, and all other defenses.

26. This Notice of Removal is being served on Plaintiff's counsel on this date. Universal City Studios will promptly file a copy of this Notice of Removal with the Clerk of Superior Court of the state of California for the County of Los Angeles.

/ / /

27. This removal is brought by all served Defendants. 28 U.S.C. § 1446(b)(2)(A).

DATED:  August 25, 2025

KAHANA & FELD LLP

_____
Jaion Chung, Esq.
Sydney Grant, Esq.
Attorneys for Defendant,
UNIVERSAL CITY STUDIOS LLC
(erroneously sued and served as "UNIVERSAL CITY STUDIOS, LLC")

**CERTIFICATE OF SERVICE**
(F.R.Civ.P. Rule 5(b); U.S.D.C., C.D. Cal., L.R. 5-3)

***Joseph Wallace v. Universal City Studios, LLC, et al.***
United States District Court Case No.

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18, and not a party to the within action. My business address is KAHANA & FELD LLP, 4742 North 24th Street, Suite 350, Phoenix, Arizona 85016, and my email address is switgen@kahanafeld.com.

On August 25, 2025, I served the foregoing document described as**:**

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**

on the interested parties in said action as follows:

**SEE ATTACHED SERVICE LIST**

☐ **By Mail [Federal]:** I served a true copy of the above referenced document(s) by enclosing said document(s) in a sealed envelope or package addressed to the party(ies) listed in the attached service list and placing such envelope or package with postage thereon fully prepaid in the United States mail at Irvine, California.

☐ **[BY COURT'S CM/ECF SYSTEM]** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below

☒ I caused said document(s) to be transmitted by email to each addressee set forth below on this date. The transmission of this document was complete and without error.

☐ **By Overnight Mail:** I caused such envelope to be delivered via overnight delivery to the party(ies) listed in the attached service list.

Executed on August 25, 2025, at Phoenix, Arizona.

☒ **[Federal]** I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

Shelly N. Witgen, ACP

1
CERTIFICATE OF SERVICE

# SERVICE LIST

### *Joseph Wallace v. Universal City Studios, LLC, et al.*
United States District Court Case No.

Samuel Dordulian, Esq. (SBN 174717)
Alex Valenzuela, Esq. (SBN 233783)
Sako S. Bederian, Esq. (SBN 353810)
**DORDULIAN LAW GROUP**
550 N. Brand Boulevard, Suite 1990
Glendale, CA 91203
Telephone: (818) 788-4919
Facsimile: (818) 827-2944
sbederian@dlawgroup.com

*Attorneys for Plaintiff,*
*JOSEPH WALLACE*

---

2
CERTIFICATE OF SERVICE